

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| PATRICK ZANE GRAY,<br>　　　　Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 8:08-03773-HFF-BHH |
| | § | |
| JON OZMINT and WARDEN, Broad<br>River Correctional Institution,<br>　　　　Respondents. | §<br>§<br>§<br>§ | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Respondents' motion for summary judgment be granted and the habeas petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 17, 2009, and the Clerk of Court entered Petitioner's objections to the Report on July 20, 2009.

Petitioner seeks relief based on the alleged ineffectiveness of his trial counsel for advising Petitioner to reject a plea offer of fifteen years after failing to conduct an investigation into the fingerprint evidence. To successfully challenge a conviction on the basis of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's performance was deficient, and (2) that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Counsel's actions fail to satisfy either prong of the *Strickland* test; thus, they do not rise to the level of ineffective assistance of counsel. Regarding the first prong of *Strickland*, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

In hindsight, counsel's advice to Petitioner that he should reject the initial plea offer of fifteen years and wait for Judge Goode to come into circuit appears misguided because Judge Goode later sentenced Petitioner to twenty-two years. However, at the time counsel gave this advice, both Petitioner and his counsel believed Judge Goode would be more lenient with his sentencing as both he and Petitioner are from Fairfield County. Additionally, based on a detective's previous erroneous statement at the pre-trial hearing, counsel and Petitioner were waiting on a third party's fingerprints to be found on the safe. That evidence likely would have given Petitioner further negotiating

2

leverage and may have reduced the charge from first to second degree burglary. Counsel had no reason to believe that an independent investigation would not reveal any fingerprints. Based on what they knew at the time, Petitioner and counsel agreed to reject the initial plea offer, electing to wait on the fingerprint evidence and Judge Goode. Being careful to avoid the distorting effects of hindsight, the Court finds that counsel's conduct in this regard fell within the wide range of reasonable professional assistance.

The second prong of *Strickland* requires that Petitioner was prejudiced by his counsel's deficient performance. *Strickland*, 466 U.S. at 687. Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (citations omitted). Petitioner was not prejudiced because he knew the final results of the fingerprint analysis before he pled guilty. The errors that Petitioner claims were made by counsel all took place before he accepted the final plea offer. Petitioner still pled guilty knowing the results of the fingerprint analysis and that his sentence for first degree burglary could range anywhere from fifteen years to life imprisonment. Thus, any correction of these supposed errors fails to demonstrate that Petitioner "would not have pleaded guilty and would have insisted on going to trial." *Id.*

In short, Petitioner has neither overcome the strong presumption that the conduct of counsel fell within a wide range of reasonable professional assistance nor shown that any deficiencies in counsel's performance prejudiced his defense. *See Strickland,* 466 U.S. at 689-694 (holding that a petitioner must demonstrate counsel's performance was deficient and that he was prejudiced by counsel's deficient performance to successfully challenge a conviction based on ineffective assistance of counsel).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that the Respondents' motion for summary judgment be **GRANTED** and Petitioner's petition be **DISMISSED** *with prejudice*.

**IT IS SO ORDERED**.

Signed this 29th day of July, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.